UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00017-JHM-HBB

**EUGENE LAMONT BAKER**                                                                  **PETITIONER**

**v.**

**TIM LANE, WARDEN**                                                                           **RESPONDENT**

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION

Petitioner Eugene Lamont Baker initiated this *pro se* 28 U.S.C. § 2254 habeas corpus action.[1] His petition is before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On March 3, 2024, the Court directed Petitioner to show cause why his petition should not be denied, and his action dismissed as untimely (DN 12). Petitioner filed a response and supplemental response (DN 13, 16).[2] The Court then directed Respondent Tim Lane to file an answer limited to the statute-of-limitations issue and provided Baker with the opportunity to file a reply (DN 17). Lane filed a limited answer addressing only the statute of limitations question (DN 24). Baker did not file a reply. For the reasons set forth below, the undersigned recommends that Baker's § 2254 habeas corpus action be **DISMISSED AS TIME BARRED**.

---

[1] The District Judge referred this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter (DN 17 PageID # 50-51).

[2] After Plaintiff filed a response, he filed a motion which the Court construed as a motion for an extension of time to file a supplemental response (DN 14). The Court granted the motion (DN 15), and four days later Petitioner filed a supplemental response with exhibits from his state-court court proceeding attached.

I.

Because the petition is not a model of clarity, the Court uses both the petition and public state-court records to set forth the relevant procedural history of Plaintiff's state-court criminal action, *Commonwealth v. Baker*, No. 12-cr-369-001.[3]  The Jefferson Circuit Court docket sheet reflects that Petitioner was originally convicted in that court on February 10, 2016, of murder, first-degree robbery, being in possession of a firearm by a convicted felon, and tampering with physical evidence, and that he was sentenced on April 1, 2016. Petitioner appealed his convictions and sentence to the Kentucky Supreme Court and, on April 26, 2018, the Kentucky Supreme Court reversed and vacated Petitioner's conviction for tampering with physical evidence and affirmed his other convictions. *See Baker v. Commonwealth*, 545 S.W.3d 267 (Ky. 2018). In light of this ruling, the Jefferson Circuit Court entered an amended judgment on May 9, 2018, vacating the tampering with evidence conviction. Plaintiff states that he then filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion on September 20, 2018. The state-court record reflects that the Jefferson Circuit Court denied this motion on March 16, 2022, and that Plaintiff filed a notice of appeal on June 15, 2022. The state-court record further reflects that on November 18, 2022, the Kentucky Court of Appeals denied Petitioner's appeal as to his RCr 11.42 motion because it was not timely filed. Petitioner initiated this action on November 14, 2023.[4]

II.

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA

---

[3] For additional information regarding Petitioner's state-court proceeding, the Court looked to the docket sheet of the criminal case which is available at https://kcoj.kycourts.net.

[4] Under the mailbox rule, a petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The instant petition indicates that the petition was signed and placed in the prison mailing system on November 14, 2023. The Court will therefore consider that date as the date the petition was filed.

apply.  *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) – A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner's direct appeal of his convictions ended on Thursday, April 26, 2018, when the Kentucky Supreme Court entered its order affirming three of Plaintiff's convictions and vacating one.  *See Giles v. Beckstrom*, 826 F.3d 321, 323-25 (6th Cir. 2016).  As Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his three remaining convictions became final, for purposes of the limitations period, on the date that the 90-day time-period for

3

seeking certiorari expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on Wednesday, July 25, 2018, when he failed to file a petition for a writ of certiorari with the U.S. Supreme Court.[5] Thus, absent state collateral review, the instant § 2254 petition had to be filed with this Court no later than July 25, 2019.

On September 20, 2018, Petitioner filed a RCr. 11.42 motion challenging his remaining convictions 57 days after the judgment became final. The RCr 11.42 motion began tolling the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The tolling of the statute of limitations continued until the motion for post-conviction relief was no longer pending. *Id*.

The state-court record reflects that the Jefferson Circuit Court denied the RCr 11.42 motion on March 16, 2022 (DN 16-1 PageID # 29; DN 24-2 PageID # 97; DN 24-3 PageID # 102). Under Kentucky law, Petitioner had 30 days to appeal this ruling. *See* RCr 12.04(3). Thus, the appeal was due by April 15, 2022; otherwise, the Jefferson Circuit Court's ruling became final on that day. The record reflects that Petitioner did not file a notice of appeal until June 15, 2022 (DN 24-2 PageID # 97; DN 24-3 PageID # 102-03). Thus, the Jefferson Circuit Court's ruling on Petitioner's RCr 11.42 motion became final on April 15, 2022. *See Allen v. Adams*, No. 20-6204, 2021 U.S. App. LEXIS 10141, at *5 (6th Cir. Apr. 6, 2021) ("An untimely appeal from the denial of a post-conviction petition is not considered to be a 'properly filed' application for post-conviction review under § 2244(d)(2), and it does not toll or revive the limitations period.") (citing *Allen v. Siebert*,

---

[5] The Court recognizes that the trial court entered an amended judgment on May 9, 2019, which reflected that Petitioner's conviction and sentence for tampering with evidence had been reversed on appeal. However, several courts have held that this type of amended judgment, one that simply reflects the fact that a higher court has reversed one conviction of many, does not affect when the original judgment became final for statute-of-limitations purposes. *See, e.g., Beamon v. Brown*, No. 2:22-CV-12178 2023 U.S. Dist. LEXIS 106308, at *5-7 (E.D. Mich. June 2023); *Wright v. Adams*, No. CV 19-90-REW-CJS, 2020 U.S. Dist. LEXIS 62778, at *8-10 (E.D. Ky. Feb. 24, 2020); *Walker v. Mazza*, No. 3:19-CV-00902-JRW-LLK, 2020 U.S. Dist. LEXIS 253402, at *2 n.3 (W.D. Ky. Apr. 23, 2020). In so holding, these courts have relied on the rule set forth in *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020), which states that an amended judgment does not disturb the underlying judgment for statute-of-limitations purposes if the amended judgment benefits the habeas petitioner and the trial court did not conduct a full resentencing. *See also Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016).

552 U.S. 3, 7 (2007); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)); *see also Edmonds v. White*, No. 17-5759, 2018 U.S. App. LEXIS 37138, at *6 (6th Cir. Feb. 1, 2018) ("Because [the petitioner] did not properly file his post-conviction petition with the Kentucky Court of Appeals—even though the state appellate court ultimately considered his motion—he was not entitled to statutory tolling while the state court reviewed his untimely appeal."). This left Petitioner 308 days, or until February 17, 2023, to initiate the instant habeas action. As stated above, this action was initiated on November 14, 2023, almost nine months after the one-year statute of limitations period had expired. Thus, the petition is time-barred.

### III.

In Petitioner's response to the order directing him to show cause why this action is not time-barred, he argues that he is entitled to equitable tolling (DN 13 PageID # 16-18). Petitioner first states that he was incarcerated in the Restrictive Housing Unit at his prison from March 18, 2022, until "late April" and that while there he did not have access to a law library, any legal materials, a typewriter, or a "LEXIS NEXIS tablet" (*Id.* at PageID # 17). He states that he asked the Court "for an extended time" but there was no reply (*Id.*). Petitioner also argues that his legal aide misinformed him about when the statute of limitations began to run for the instant § 2554 petition and that the Court should consider his mental health (*Id.* at PageID # 18).

A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

### A. RCr 11.42 Appeal

Petitioner's first argument seems to be that he could not timely appeal the trial court's denial of his RCr 11.42 motion because he was in segregation when the appeal was due (*Id.* at PageID # 17). As stated above, the state-court record indicates that the trial court denied his RCr 11.42 motion on March 16, 2022, and that Petitioner had 30 days to file an appeal under RCr 12.04(3), but that he did not file a notice of appeal until June 15, 2022. Plaintiff seems to indicate that he could not timely file the appeal because he was in segregation from March 18, 2022, until "late April" and that he asked the "the Court" for an extension "but there was no reply" (*Id.*). He also argues that he was "waiting on answers" from the Court of Appeals regarding his RCr 11.42 appeal before filing the instant §2254 action (*Id.* at PageID # 18).[6]

The Court finds Plaintiff's argument—he was unable to timely appeal the trial court's denial of his RCr. 11.42 motion because he was in segregation during the pertinent period—to be inapposite because the Court did not find that the instant action was time-barred because Petitioner failed to timely appeal the denial of his RCr 11.42, but because he failed to timely file the instant §2254 corpus. As to Petitioner's second argument, even assuming Petitioner was waiting for the Kentucky Court of Appeals to resolve his RCr. 11.42 appeal to file the instant action, this is not a ground for equitable tolling. In *Porter v. Owens*, the petitioner argued that he was entitled to equitable tolling because "he pursued his rights diligently, as evidenced by the fact that he sought to exhaust his claims in state court prior to filing his federal habeas petition." No. 20-3341, 2020 U.S. App. LEXIS 22261, at *7-8 (6th Cir. July 16, 2020). The petitioner also argued that he was

---

[6] The docket sheet in the Kentucky Court of Appeals shows that after Petitioner filed his appeal on June 15, 2022, he filed a motion for a belated appeal, and that the Kentucky Court of Appeals denied the motion and dismissed his appeal as untimely on November 18, 2022, and that these decisions became final on January 13, 2023. *See* https://appellatepublic.kycourts.net. However, Plaintiff did not file this action until November 14, 2023, approximately ten months later.

unaware that his untimely filed post-conviction motions would not toll the statute of limitations. *Id*. at *8. The *Porter* court rejected this argument for equitable tolling and held that a petitioner's *pro se* status and lack of legal knowledge do not constitute extraordinary circumstances that warrant equitable tolling. *Id.* (citing *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012)); *see Stoddard v. Wainwright*, No. 5:20-cv-754 2022 U.S. Dist. LEXIS 148746, at *42 (N.D. Ohio July 20, 2022) ("Although the impediments Stoddard cited may have affected his ability to abide by the state court's deadlines for timely filing of applications, motions, and appeals, he has not explained how those impediments affected his ability to file his current petition before the deadline expired. His desire to exhaust state court remedies is understandable, but it is not an extraordinary circumstance that would excuse his untimely filing."); *Hernandez v. Small*, No. CV 08-08639, 2011 U.S. Dist. LEXIS 113728, at *20-21 (C.D. Cal. Aug. 11, 2011) (concluding that the petitioner's subjective desire to exhaust his claims was not grounds for equitable tolling); *Davis v. Kyler*, No. 03-6913, 2007 U.S. Dist. LEXIS 29249, at *11-14 (E.D. Penn. Apr. 19, 2007) (concluding that the petitioner's improperly filed efforts to exhaust state remedies were not a basis for equitable tolling).

### B. Misinformation From Legal Aide

Petitioner also argues that he is entitled to equitable tolling because his legal aide informed him that "his nine months did not start until 1 year after his denial in 3/15/22, in 3/15/23 that's when the time started" (DN 13 PageID # 18). However, inadequate advice from counsel or a prison legal aide cannot support equitable tolling. *Carter v. Phillips*, No. 20-6038, 2021 U.S. App. LEXIS 6433, at *5 (6th Cir. Mar. 4, 2021) (citing *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (noting that an attorney's mistake is not a valid basis for equitable tolling), *United States v. Robinson*, 762 F. App'x 571, 577-78 (10th Cir. 2019) (holding that misinformation from an inmate

7

legal assistant was not grounds for equitable tolling)). Thus, Petitioner's misinformation argument fails to provide a basis for equitable tolling.

### C. Mental Illness

Finally, the Court turns to Plaintiff's argument that Court should consider his "mental health" (DN 13 PageID # 18). Mental incompetence will equitably toll the limitations period only if the mental incompetence caused the defendant's inability to comply with § 2244(d). *See Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations. *Id*. But "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id*. (internal citation omitted).

For a habeas petitioner's mental incapacity to warrant equitable tolling, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson*, 624 F.3d ,781, 785 (6th Cir. 2010). Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition." *McSwain*, 287 F. App'x at 456. A habeas petitioner must allege more than the "mere existence of physical or mental ailments" to qualify for the equitable tolling of the AEDPA statute of limitations. *Brown*, 232 F. Supp. 2d at 767.

The Court finds Petitioner is not entitled to equitable tolling based upon his request that the Court "consider his mental health" because he presents no evidence of the state of his mental health during the limitations period. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851 (6th Cir. 2017). Moreover, the Sixth Circuit has noted that "mental illness is not the same as mental incompetence." *Id*. at 852. And, perhaps most importantly, Petitioner has failed to show that his mental illness was the cause of his untimely filing. *See id.* Consequently, Petitioner's equitable tolling argument—based upon a general assertion of mental health—must fail.

### III.

If Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*.

The undersigned is satisfied that no jurists of reason could find the above-mentioned procedural ruling to be debatable. Therefore, the undersigned does not recommend issuance of a Certificate of Appealability.

## IV.

For the foregoing reasons, the undersigned recommends that the petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (DN 1) be **DISMISSED AS TIME BARRED**. Further, the undersigned does not recommend issuance of a Certificate of Appealability as to the petition for writ of habeas corpus.

January 10, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

## V.

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed, or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

January 10, 2025

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Eugene Lamont Baker, *pro se*
           Counsel